UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARSON JONES, on his own behalf and on
behalf of those similarly situated

    Plaintiff,

v.                                             Case No:   2:13-cv-571-FtM-38DNF

PERKINS & MARIE CALLENDER, LLC
and CATHERINE YACKS,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause is before the Court on the parties' Joint Motion for Settlement Approval and Stipulation of Dismissal With Prejudice (Doc. 9) filed on November 12, 2013 and the Settlement Agreement and General Release (Doc. 9-1). The Plaintiff, Carson Jones and the Defendants, Perkins & Marie Callenders, LLC and Catherine Yacks are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

       To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement

must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff worked for the Defendants and claimed that his tips were insufficient to bring his hourly compensation to the Federal minimum wage in one or more workweeks because the Defendants allegedly entered false numbers for Plaintiff's tips to make it appear that he was receiving a minimum wage when he was not. (Doc. 9, p. 1). The Defendants deny these claims. Even though the parties agreed to settle these matters, the Defendants dispute the Plaintiff's allegations. The parties have agreed to resolve this matter and the Plaintiff is receiving all of the relief he requested, therefore his claim is not compromised. (Doc. 9, p. 2). The Plaintiff will receive $1,500.00 for overtime and minimum wages and $1,500.00 for liquidated damages.

The parties agreed to pay the Plaintiff's counsel $3,200.00 for fees and costs. The parties negotiated and settled the amount of Plaintiff's recovery separately from the negotiations as to the amount of attorney's fees. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an

attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiff. The Settlement Agreement and General Release (Doc. 9-1) appears reasonable on its face. Therefore, the Court finds this settlement to be fair and reasonable.

    **IT IS RESPECTFULLY RECOMMEDED:**

That the Joint Motion for Settlement Approval and Stipulation of Dismissal (Doc. 9) be **GRANTED** and the Settlement Agreement and General Release (Doc. 9) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 15, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties